UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRADLEY A. TROXCLAIR, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3279 |
| GEOVERA SPECIALTY INSURANCE COMPANY | * | SECTION "J" (2) |

**ORDER AND REASONS**

Pending before me is Defendant GeoVera Specialty Insurance Company's Motion for Leave to Conduct Limited Discovery seeking to conduct examinations under oath of an appraiser, public adjuster and plaintiff. ECF No. 12; No. 12-1 at 1-2. This motion was scheduled for submission on Wednesday, August 21, 2024. As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, August 13, 2024. *See* E.D. La. L.R. 7.5. Although the Court has authority to grant a motion as unopposed, it is not required to do so.[1]

No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary. Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion for Leave to Conduct Discovery is DENIED for the reasons stated herein.

I.   **BACKGROUND**

Plaintiffs Bradley and Heather Troxclair filed suit in state court on May 24, 2023, against their insurer GeoVera Specialty Insurance Company seeking to recover for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging bad faith and negligent adjusting. ECF No. 1-2. Plaintiffs allege that, after the parties disputed the extent

---

[1] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

of loss, they invoked appraisal under the policy which resulted in an award finding the amount of loss equal to $133,578.47 for Coverage A, $43,072.82 for Coverage B, $20,365.80 for Coverage C, and $33,750.00 for Additional Living Expenses. *Id.* ¶ 25 at 6.

GeoVera removed the case to this Court on August 9, 2023. ECF No. 1. GeoVera now seeks leave to conduct limited discovery outside of the Court's Hurricane Ida Case Management Order. ECF No. 12. Specifically, GeoVera seeks to depose Plaintiff Bradley Troxclair, the Troxclair's public adjuster Mike Deckleman and selected appraiser Michelle Guthrie-Brown, and the umpire appraiser Miles Corbitt. ECF No. 12-1 at 1-2. To support its request, GeoVera argues this discovery is necessary "to evaluate the condition of the Property both before and after Hurricane Ida and to address any incurred repair invoices that have not yet been provided . . . [and] to fully evaluate the appraisal award and the appraisal valuation." *Id.* at 2.

## II.   APPLICABLE LAW AND ANALYSIS

On August 26, 2022, this Court adopted a Case Management Order ("CMO") to govern Hurricane Ida claims. The CMO, as amended, includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation. *See* Sections 1, 3. Section 1 of the CMO expressly stays any discovery beyond that set forth in Exhibit A to the CMO. CMO, Section 1 at p. 3. Although in some contexts, courts have distinguished between examinations under oath ("EUOs") and depositions, others have considered them the functional equivalent.[2]

---

[2] *Compare Beasley v. GeoVera Specialty Ins. Co.*, No. 13-395, 2015 WL 2372328, at *4 (E.D. La. May 15, 2015) (noting that an EUO is a contract term and therefore distinct from a deposition, a discovery tool in litigation), *and Safepoint Ins. Co. v. Shlok LLC*, No. 21-0477, 2021 WL 5076394, at *3 (W.D. La. Aug. 25, 2021) (recognizing difference between a deposition and EUO, agreeing that a policy generally requires the insured to submit to an EUO despite the discovery limitations in the CMO, but finding reasonable grounds for excusing the EUO in that case in favor of compelling a deposition), *with PJC Bros., LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 201-02 (S.D. Tex. 2010) (denying abatement in Hurricane Ike proceeding where EUO requested after suit was filed, characterizing Rule 30 deposition as the functional equivalent to EUO).

The CMO specifically identifies the types of discovery activity that may occur following litigation. Exhibit A specifically requires the insured to provide information regarding a computation of each item of loss, all known preexisting damage to the property, claims for property damage for the past 10 years, documents relating to the claimed loss, and documents relating to the appraisal process under the policy. *See* ECF No. 5 at 17-18. Thus, the CMO's mandated discovery already contemplates discovery of the information identified by GeoVera as the basis for this motion. Thus, GeoVera does not need to conduct depositions or EUO to obtain the desired information. In the event that Plaintiffs have not provided that required by the CMO, GeoVera may seek a conference with the Chief Magistrate Judge, in accordance with this Court's June 18, 2024, Order. *See* ECF No. 11.

## II.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion for Leave to Conduct Limited Discovery (ECF No. 12) is DENIED.

New Orleans, Louisiana, this 21st day of August, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE